# Exhibit "2"

Electronically Filed at
8/9/2017 8:48 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

Cause No. 17-08-34632-MCV

| | | |
|---|---|---|
| JULIA ANICO, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | 293RD |
| vs. | § | _____ JUDICIAL DISTRICT |
| | § | |
| HUDSON INSURANCE COMPANY, | § | |
| *Defendant.* | § | MAVERICK COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES JULIA ANICO, hereinafter referred to as "Plaintiff", complaining of HUDSON INSURANCE COMPANY, hereinafter referred to as "Defendant", and for cause of action respectfully shows onto the Court the following:

### A. Discovery Control Plan

1. Plaintiff affirmatively pleads that discovery should be conducted in accordance with a tailored discovery plan under Texas Rule of Civil Procedure 190.4.

### B. Parties

2. Plaintiff is a resident of Maverick County, Texas.

3. Defendant, HUDSON INSURANCE COMPANY, may be served with process by serving its designated agent for service of process, C T Corporation System, at 1999 Bryan Street, Suite 900, Dallas, TX 75201.

### C. Venue

4. Maverick County is the proper venue for this action pursuant to Section 15.032 of the Texas Civil Practice and Remedies Code because this is the county in which the policyholder and beneficiary instituting the suit resided at the time the cause of action accrued.

---

Plaintiff's Original Petition and Request for Disclosure
Page 1 of 5

Electronically Filed at
8/9/2017 8:48 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

### D. Facts

5. On or about September 9, 2013, Plaintiff sustained bodily injuries in an automobile collision as a direct and proximate result of the negligence of JACQUELINE PANCHOT. The collision occurred at intersection of Commerce Street and Main Street in San Antonio, Bexar County, Texas. On the date in question, Plaintiff was a passenger in a vehicle that was stopped at the intersection of Commerce Street and Main Street when it was suddenly rear-ended by a vehicle driven by JACQUELINE PANCHOT.

6. At the time of the collision, JACQUELINE PANCHOT was operating her vehicle negligently. JACQUELINE PANCHOT's negligence was a proximate cause of Plaintiff's injuries. JACQUELINE PANCHOT had a duty to exercise ordinary care and operate her vehicle reasonably and prudently. JACQUELINE PANCHOT breached that duty in one or more of the following ways:

   a. Failing to timely apply the brakes.
   b. Failing to maintain a proper lookout.
   c. Failing to turn the vehicle to avoid the collision.
   d. Driving the vehicle at a rate of speed greater than that at which an ordinary and prudent person would have driven under the same or similar circumstances.
   e. Following too closely.

7. The negligence of JACQUELINE PANCHOT in the operation of her motor vehicle was a proximate cause of significant damages to Plaintiff, including the following:

   a. reasonable and necessary medical expenses in the past;
   b. reasonable and necessary medical costs in the future;
   c. physical pain and mental anguish suffered in the past;
   d. physical pain and mental anguish that, in reasonable probability, will be suffered in the future; and
   e. physical impairment in the past and future.

Electronically Filed at
8/9/2017 8:48 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

8.   At the time of the motor vehicle collision described above, Plaintiff was covered by an automobile liability policy of insurance issued by Defendant that included underinsured motorist coverage. The motor vehicle causing Plaintiff's damages as described herein was at all times material to this action an "underinsured motor vehicle" as that term is defined in the policy of insurance issued to Plaintiff by Defendant.

9.   Plaintiff timely and properly notified Defendant of her claim under the uninsured provisions of the insurance policy. Nevertheless, Defendant has failed and refused, and still fails and refuses, to pay Plaintiff the full amount of benefits owed under this policy as it is contractually required to do.

### E. Breach of Contract

10.   Plaintiff properly notified Defendant of the occurrence of the incident described in the above paragraphs. Despite the fact that all conditions precedent to the Defendant's obligation to pay Plaintiff's losses under the policy of insurance were performed or did occur, Defendant failed and refused to pay the value of Plaintiff's claims, causing Plaintiff to suffer that loss together with other harm as described further in this petition.

### F. Unfair Claim Settlement Practices

11.   After receiving notice of Plaintiff's losses that were clearly covered by the contract of insurance, as set out in the preceding paragraphs of this petition, Defendant engaged in several unfair settlement practices as defined in Section 541.060 (a) of the Texas Insurance Code, including but not limited to the following:

   a.   Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claims once Defendant's liability became reasonably clear.

Electronically Filed at
8/9/2017 8:48 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

    b.    Refusing the claims without first conducting a reasonable investigation of the matter.

### G. Breach of Duty of Good Faith and Fair Dealing

12.    From and after the time Plaintiff's claims were presented to Defendant, Defendant's liability to pay the claim in accordance with the terms of the insurance policy was reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny full payment of Plaintiff's claims, Defendant refused to accept the claims and pay Plaintiff as the policy required. In this regard, Plaintiff will show that Defendant failed to conduct a reasonable, proper investigation of the claims to avoid paying the claims.

13.    Defendant's breach was a proximate cause of the losses, expenses and damages suffered by Plaintiff.

### H. Declaratory Judgment

14.    Plaintiff seeks a declaratory judgment, pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code, declaring that Plaintiff is entitled to recover from Defendant her damages resulting from the motor vehicle collision described above, that those damages fall within the coverage afforded to Plaintiff under the automobile insurance policy at issue, and specifying the amount of damages, interest, and court costs that Defendant is obligated to pay.

### I. Actual Damages

15.    Defendant's conduct in this matter was the producing and proximate cause of harm to Plaintiff in that Plaintiff has lost the benefits and protections afforded by the policy of insurance purchased from the Defendant.

Electronically Filed at
8/9/2017 8:48 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

### J. Conditions President

16. All conditions precedent have been performed or have occurred.

### K. Prayer

17. WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer and, that on final trial of this cause, Plaintiff recover judgment against Defendant for actual damages and interest as provided by law, and such other and further relief, either in law or in equity, to which Plaintiff may be justly entitled.

### L. Request for Disclosure

18. Under Texas Rule of Civil Procedure 194, Plaintiff request that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

WATKINS & SHATTLES, P.L.L.C.
926 Chulie Drive
San Antonio, Texas 78216
Tel. (210) 225-6666
Fax (210) 225-2300

By: _____
CHARLES SHATTLES
State Bar No. 24037479
chuck@wstriallaw.com

MICHAEL MILLER
State Bar No. 00788060
LAW OFFICES OF MICHAEL MILLER, P.C.
926 Chulie Drive
San Antonio, Texas 78216
Tel. (210) 225-6666
Fax (210) 225-2300

*Attorneys for Plaintiff*